UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDWARD P. MAY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-182-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Petitioner Edward May is an inmate confined at the Federal Medical Center in Lexington, Kentucky. May has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] and has paid the $5.00 filing fee. [Record No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates May's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On October 1, 2009, a federal grand jury sitting in Detroit, Michigan returned an indictment charging May with 59 counts of mail fraud in violation of 18 U.S.C. § 1341 for his operation of a longstanding and widespread Ponzi scheme to defraud hundreds of investors between 1996 and 2007.  Following extensive pretrial proceedings, on April 29, 2011, May agreed to plead guilty to all charges.  Thereafter, on October 4, 2011, the trial court sentenced May to 192 months of imprisonment and ordered restitution totaling more than million dollars.  *United States v. May*, No. 2:09-CR-20482 (E.D. Mich. 2009).

May filed a direct appeal.  However, on September 26, 2012, the United States Court of Appeals for the Sixth Circuit granted his motion to voluntarily dismiss the appeal. Beginning in the spring of 2013, May filed numerous *pro se* motions for relief and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 4, 2013.  May continued to file motions in the trial court but, on December 12, 2014, the Sixth Circuit denied May's petition for a writ of mandamus to compel the trial court to act on his Section 2255 motion. The court noted that "the cause for the delay here is apparent—May continues to file motions and addendums related to his original motion to vacate."  *In re: Edward May*, No. 14-2403 (6th Cir. Dec. 12, 2014).  Nevertheless, May continued to file additional documents and requests for relief.  As a result, his Section 2255 motion remains pending before the trial court. [Record No. 1, p. 4]

During this period, May also filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of alleged medical conditions.  That petition was denied on numerous grounds, including the fact that his request was not cognizable under § 2241.  More specifically, such relief may only be sought by the Director of the Bureau of Prisons.  *May v. Kirby*, No. 3:14-CV-56-

KRG-KAP (W.D. Pa. 2014). The same court also granted summary judgment against his civil claims challenging the sufficiency of certain aspects of his medical care. *May v. Cash*, No. 3:13-CV-69 (W.D. Pa. 2013), *aff'd*, No. 14-3444 (3d Cir. 2014).

In his current petition, May again contends that his detention violates the Eighth Amendment to the United States Constitution. [Record No. 1, p. 2] He argues that Section 2255 does not present an effective vehicle for his claims because his health conditions are severe, he is in imminent danger of serious harm or death, and the trial court has not acted promptly upon his 2255 motion. [Record Nos. 1, pp. 5-7; 1-1, p. 1] May does not attack his conviction or sentence *per se*, but describes his medical conditions at length [Record No. 1-1, pp. 2-7] and seeks release to home confinement. [Record No. 1, p. 8]

As the United States District Court for the Western District of Pennsylvania has explained, Section 2241 may not be used to assert claims related to the conditions of his confinement, including medical care. *See May,* No. 3:13-CV-69. *See also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Thus, the petition will be denied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (habeas petition seeking transfer for medical treatment and asserting civil rights claims that must be pursued under 42 U.S.C. § 1983 must be denied).

Additionally, while May does not expressly invoke the compassionate release provision found in 18 U.S.C. § 3582(c)(1)(A), he seeks relief on the same grounds covered by the statute. But release under Section 3582 can only be sought by a motion filed in the sentencing court by the Director of the Bureau of Prisons. As a result, this Court has no authority to grant relief. *Crowe v. United States*, 430 F. App'x 484 (6th Cir. 2011). Nor does this Court possess any freestanding authority, under Section 2241 or otherwise, to order a prisoner's release based on his health. *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) ("the district court lacked jurisdiction to *sua sponte* grant compassionate release. A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons.").

Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Edward P. May's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 29th day of June, 2015.

